IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| ZACHARY G. COLLINS, ) | |
| ) | No. C10-2046 EJM |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| CITY OF OELWEIN, CITY OF OELWEIN ) | |
| POLICE DEPT., and DANIEL E. BANKS, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on defendants' resisted Motion for Summary Judgment, filed March 1, 2011. Briefing concluded April 19, 2011. Granted.

Plaintiff, a resident of Coralville, Iowa, initially brought this action in the Iowa District Court for Fayette County against defendants City of Oelwein (City), City of Oelwein Police Department (Police Department), and Police Officer Daniel Banks (Banks), seeking damages for false arrest (Count 1), for the alleged deprivation of his constitutional rights under 42 USC §1983 (Count 2), and for negligence and excessive force (Count 3). Defendants removed the matter to this court on June 21, 2010, pursuant to 28 USC §§1441 and 1446. The court has jurisdiction pursuant to 28 USC §§1331 and 1367.

This matter arises from an altercation at a bar in Oelwein on May 24, 2008. In Count 1 (false arrest), plaintiff claims he was wrongfully restrained and detained by officers of the Oelwein Police Department without cause, that the police did not tell him why they sought to talk to him, and that he was maced, tasered, and tackled. In

Count 2 (42 USC §1983), arising from the same event and claims (excessive force and restraint against defendant Banks as well as official Oelwein policy), plaintiff asserts he was deprived of federal constitutional rights under color of state law. In Count 3 (negligence and excessive force), plaintiff asserts he was tasered and handcuffed without legal cause, detained without cause, that the taser use was not consistent with recognized guidelines, and that he was injured in the course of the application of excessive force.

All defendants seek summary judgment on Count 1, asserting there was probable cause to arrest plaintiff, that he was arrested in good faith with a reasonable belief that there was probable cause for his arrest, and that they are entitled to immunity under IC §670.4(3) and (11). Additionally, defendant Banks asserts that it is undisputed that he did not arrest plaintiff.

Defendants Banks and City seek summary judgment on Count 2, asserting there was no constitutional violation by Banks. Additionally, defendant City asserts that there is no evidence that any policy, custom, or failure to train was a moving force behind any claimed constitutional violation. Moreover, Banks seeks summary judgment on Count 2 based on qualified immunity.

All defendants seek summary judgment on Count 3, asserting that the negligence claim fails to state a claim upon which relief can be granted, that there was no use of excessive force against plaintiff, and that they are entitled to immunity under IC §670.4(3) and (11).

Upon review of defendants' Statement of Material Facts (docket #9), plaintiff's Response to Statement of Material Facts ...and Additional Material Facts (docket # 10), and defendants' Reply... (docket #11), it appears undisputed that on May 24, 2008, the Oelwein Public Safety Dispatcher received a call advising that there was a fight at an Oelwein bar, and the dispatcher advised all officers thereof. Banks and other officers responded. Upon Banks' entry into the bar, he observed a confrontation between plaintiff and a law enforcement officer (non-party Deputy Aeschliman), and that plaintiff was not complying with the officer's directives, including failing to stand, turn around, and place his hands behind his back, and assuming an aggressive stance. See defendants' facts, docket #9, para. 18; plaintiff's facts, docket #10, para. 19. As Banks approached, he observed the officer apply pepper spray to plaintiff, and plaintiff's continuing non-compliance with the officer's directives. At this time, Banks and the other officer were the only law enforcement officers in the bar area, with ten to fifteen additional people nearby. Banks applied his taser to plaintiff, which had no apparent effect. Plaintiff was then tasered by yet another officer, and fell to the floor. Plaintiff was then pulled from the bar and handcuffed. Plaintiff testified that as he was pulled from the bar, his arm "got tweaked behind his back pretty roughly," and he was unable to lift it above his head for about a week thereafter.

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding whether to grant a

3

motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences. Kegal v. Runnels, 793 F2d 924, 926 (8th Cir. 1986). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. Buford v. Tremayne, 747 F2d 445, 447 (8th Cir. 1984). The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial. Id., (citing Fed. R. Civ. P. 56(e) and Burst v. Adolph Coors Co., 650 F2d 930, 932 (8th Cir. 1981)).

Green v. St. Louis Housing Authority, 911 F2d 65, 68 (8th Cir. 1990).

Beginning with Count 1 (false arrest), a claim for false arrest has two elements under Iowa law: (1) detention or restraint against one's will, and (2) unlawfulness of the detention or restraint. Thomas v. Marion County, 652 NW 2d 183, 186 (Iowa 2002). Where the arrest is warrantless, the burden of proof is upon defendant to show justification for the arrest. A law enforcement officer in Iowa may make a warrantless arrest when a public offense has been committed or attempted in the officer's presence, or where a public offense has been committed and the officer has reasonable ground for believing that the person to be arrested has committed it. IC §804.7(1) and (2). Reasonable ground is equivalent to probable cause, and exists where "the facts and circumstances within their [the officers'] knowledge, and of which they had reasonably trustworthy information, [are] sufficient in themselves to warrant a man of reasonable caution to the belief that an offense has been or is being committed." Children v. Burton, 331 NW2d 673, 679 (Iowa 1983), cert. denied, 464 US 848 (1983), (quoting Brinegar v. United States, 338 US 160, 175-176 (1948), (citations omitted). When an officer acts with probable cause, he is

4

protected even if the arrested person turns out to be innocent. <u>Children v Burton</u>, <u>supra</u>, 331 NW2d at 679. Probable cause is a fact-sensitive determination, and the court is to look to facts within the officer's knowledge at the time the arrest is made. In a civil action for damages, the probable cause standard is less demanding than the constitutional probable cause in a criminal action. "If the officer acts in good faith and with reasonable belief that a crime has been committed and the person arrested committed it, his actions are justified and liability does not attach." <u>Id.</u> at 680 (citations omitted).

Plaintiff was arrested for disorderly conduct in violation of IC §723.4(1), and interference with official acts in violation of IC §719.1. In light of the foregoing standards applied to the undisputed facts above, it is the court's view that there exists no disputed issue of material fact as to whether the arrest was in good faith and with the reasonable belief that a crime had been committed by plaintiff. Accordingly, summary judgment shall be granted as to Count 1.

Turning to Count 2, plaintiff asserts the claims therein are based upon an arrest without reasonable grounds or probable cause, and that excessive force was used in his arrest. In light of the foregoing discussion as to Count 1, the court is satisfied that upon consideration of the undisputed facts and applicable law, no claim based upon the absence of probable cause lies against defendants under 42 USC §1983. Similarly, as to plaintiff's excessive force claim, "[t]he force employed by an officer is not excessive, and thus not violative of the Fourth Amendment, if it was 'objectively reasonable under the particular circumstances.'" <u>Cook v. City of Bella</u>

Villa, 582 F3d 840, 849 (8th Cir. 2009)(citations omitted). As noted in Cook, that determination involves consideration of factors including the severity of the crime, the danger posed by the suspect, and whether the suspect is actively resisting arrest. Also relevant is the lack, or minor degree, of injury sustained during the arrest. Id. The undisputed facts include Banks' observing the confrontation between plaintiff and another officer, plaintiff's contemporaneous failure to comply with directives, his assumption of an aggressive stance, and the application of pepper spray (and its ineffectiveness) by the other law enforcement officer. In light of the applicable standards and the undisputed facts, it is the court's view that Banks' use of force against plaintiff was objectively reasonable and does not amount to a violation of the Fourth Amendment. Absent a constitutional violation, there also can be no municipal liability. Accordingly, summary judgment shall be granted as to Count 2.

In Count 3, plaintiff raises state law claims of negligence and excessive force. As characterized by plaintiff on brief, this is an assault and battery claim based upon the assertion that excessive force was used against him. In light of the preceding discussion of plaintiff's excessive force claim, the court is satisfied that there exists no disputed issue of material fact as to this claim, and that defendants are entitled to judgment as a matter of law. Accordingly, defendants' motion shall be granted as to Count 3.

Due to the court's disposition of this matter, the court need not consider defendants' remaining defenses.

It is therefore

ORDERED

Granted.

October 12, 2011.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT